Before District Bill, the Court of the State of Illinois does reconvene. The Honorable Eugene G. Kovach presiding. Good afternoon, please be seated. The court is calling case number 4-24-1012, Lincoln University v. Logan County et al. If you would counsel for the appellant, please state your appearance for the record. Your Honor, my name is Mark Jackson. I am the brother of James Jackson, who was sentenced to discipline in this case, but because of his health problems, he's unable to continue. So I'm here in his stead. Thank you. All right, thank you. And our best wishes for his recovery. Thank you. And for the appellate. Christina Hansen, I'm the head of the Illinois Department of Revenue. Matthew Cate, on behalf of Logan County. And my notes indicate that Ms. Hansen will be taking 12 minutes and Mr. Cate 8 minutes on the initial 20-minute segment, correct? Yes, Your Honor. Thank you, Your Honor. Thank you. May it please the court and counsel. Your Honor, we are here on behalf of Lincoln College. Lincoln College is a charter university, having received its charter back in 1865 under the Illinois Constitution of 1848. As part of that charter, Lincoln College was given tax exemption for all property, all kinds of taxes. It's very broad and it's very similar, if not almost identical, to the tax exemption that was given to Northwestern University. And that exemption has been litigated many times and always found to control in those cases. The United States Supreme Court has also been involved in the interpretation of this language. It has said that it is a contractual matter. It has said it may not be impaired by the state through subsequent legislation or the imposition of taxes. It is contractual. Can I follow up on that point? Yes. The trial court felt that the contractual nature of the charter meant that because you were no longer doing your half of that contractual bargain by continuing educational activity, or at least that's what his conclusion was, that it nullified the rest of it. Can you give me your response to the trial court's thinking on that? Your Honor, the trial court never said that the college had breached its half. It said that the Lincoln assessor has determined that. And the Lincoln assessor has no authority to do that. It has no authority to do away with exemptions. It has authority to make adjustments to assessments and to change assessments, but it has no authority. And I think this court, even in the Carl Foundation case, said an assessor has no authority to take away an exemption. And so that has not been litigated. All that has been done is that the college has quit teaching classes. Counsel and almost everyone in this room assumes that when a college wants to close, all it has to do is set up a close sign in the window and leave. And that is far from the truth. There are still students transitioning. There are all kinds of hoops given to the college by different various education and Department of Education regulations, and a lot of work has to be done in order to continue to maintain honor for the charter that they have and are honored to their purposes and their mission, which the college asserts that it has done. There has been no litigation on that point. The only person to make a decision on that is the assessor. The department hasn't made a decision. In fact, the department, in order to try to stay out of this suit, has said, hey, we haven't done anything. We haven't even threatened to do anything. There's no thing on us, the department says, and yet the department, if the tax code would apply, the department is the person that has to go through the requirements of the tax code, none of which has been done in this case. This is a contract. We've asserted the contract, as we have a right to do, and the fact that it's a contract has been uniformly held, and, in fact, I believe the other parties admit, the other courts that have been involved with these college mergers, I mean these college charters that were done prior to the 1870 Constitution, but under the 1848 Constitution, they admit that those college charters did give an exemption. Now, they're trying to drag that exemption into the tax code, but the tax code is a quote, subsequent litigation, which the United States Supreme Court said you cannot have. That will impair the contractual right given to these colleges. So, our position is, when it's a contract situation and we have interference from the Logan County Assessor, we have contract issues that are issues that should be decided by the courts, not by an administrative body that has had nothing to do with the exemption in the first place. So, therefore, we are asking, with regard to this issue, that the case was virtually dismissed because we, quote, didn't follow administrative, exhaust our administrative remedies, but the administration doesn't even apply to this exemption. This exemption is contractual and is outside of the tax code. That's our position, and we believe it's a good position. We would ask that the court reverse the trial court in this and send this back remanded so that we can have a hearing on our declaratory judgment and injunction and get that relief so that it will enable us to go ahead and complete closing the college. This has been an impairment, in fact, although that's outside the record, and I don't want to try to argue anything outside the record, but it has been and it continues to be an impairment to the college to try to get wrapped up in a way that will bring still honor to its charter and to its mission. If this was a tax code, and we say it's not, but if it was under the tax code, the only people that can terminate an exemption are the department, under the facts of this case, and the department would have a requirement of giving notice to the college before the first of a year saying that they were going to do away with the exemption for the following tax year. That's never been done, and it's not been done for any year, much less the year 2023, which is the year in question. So the acts of the assessor are bogus. It's not her decision to determine whether the exemption continues or not, and we should be able to go through the court. If they want to file an answer and dispute it, we'll have a hearing. That has not been done yet. There's not been a hearing on the merits. There's not been any findings on the merits, and so that needs to be done, and it needs to be done in court, not within the department regulations. That's our position. Are there any other questions? No, thank you. Thank you. Good afternoon. May it please the Court. Christina Hansen on behalf of the Illinois Department of Revenue. Lincoln incorrectly asserts that the tax code does not apply in any form. While their charter defines the breadth of their exemption, the tax code governs the mechanisms and procedures by which tax exemptions are granted. And in this case... Can I stop you there? But the tax exemption has been granted, so what else would the code address in that specific regard? Under the tax code, if a local assessor has assessed taxes on property that is deemed to be exempt, then the property owner under Section 1670 applies to the Board of Review. The Board of Review would make a determination on whether the property in fact remains exempt, and then it would submit it to the Department of Revenue for a final determination on that matter. From there, if a party is aggrieved by the Department's decision, then he can apply under Section 835 for a hearing on the Department of Revenue's determination, and from there it's subject under Section 840 to the Administrative Review Law. Right. If the Department of Revenue had a contract with Dunder Mifflin for its paper and said, we now have a process by which we will administer the question of how much we owe you, I think the other party would say, hold on, this is a contract. This isn't subject to your administrative proceeding. If we have a dispute, we've got to take that to a court. That's the only place that a contract right is going to be adjudicated. Why would this be different? This is different because under the tax code, the post states this exemption. Right, but the tax code sets forth the procedures by which exemptions are going to be granted, and Lincoln College has... Let's get back to that again. It has been granted. That is where we start. We know the exemption is granted. What you're talking about is undoing it, right? Subject to the change in the use of the property. But then you have to be able to establish that it's a use-based exemption, which I understand. Modern day, it will always be a use-based exemption. This is far from modern day, and it is not. And I will tell you, I don't even think that the phrase at the end of the paragraph is relevant to this. It just says your property is exempt. It's exempt. Nothing about the use. But under the tax code, all exemptions are determined through the property tax code. And so any time a property is assessed for taxation and the property owner believes that they have an exemption, there is an administrative process that must be followed, and that requires them to submit their application to the Board of Review, and then it would in turn go to the Department of Revenue. So that process didn't exist in 1866. That's correct. But later processes, it doesn't change. It doesn't impair the contract rights of the college, that the process by which they file their paperwork and maintain their exemption. Other parties with contract rights have the right to a jury trial. Other parties with contract rights have full protection of a civil action and don't have their rights adjudicated administratively. But with respect here, an issue is the tax exemption. And so while the county, the process by which they obtain, the process by which they seek relief here is the only thing that is subject to... Why do they have to seek relief? They have it in pocket. They have an exemption. I understand that there are some questions about, can there be some end to that exemption? But it doesn't seem to me... I mean, you kind of came in in the middle of this movie, right? They had this exemption. It was a matter of contract, and then comes the code and the administrative process. How can that have changed their rights to a judicial determination? That's the process by which the parties have been operating. They've been submitting forms to annually have the exemption. And so that's the procedure that's outlined in the code, that they would have to file the application with the Board of Review and all of those arguments that they have could be presented to the Board of Review and in turn presented to the department, and then it would go before... then it would be subject under the administrative review law to judicial review. So to follow up with that, you seem to be suggesting now an acquiescence to be governed by the tax code, if you will. Was that argued in the briefs? I'm not sure I understand the question. The way I took your statement here is because they've been submitting the forms and the paperwork, they've now acquiesced or submitted to this process. That has been the process. And under...the tax code governs all... governs the procedures for obtaining all or maintaining... So to sort of follow up with that, if they had not, then would they still have an exemption based on their charter because it was contractual? Well, presumably they still would have had to at some point. I mean, the property has to be processed and placed on... and, you know, placed as exempt property. And so the determination comes in, and certainly they can look to their charter to say that their property is exempt, but it still has to go through the procedures. Don't impair the contract. The procedures are just the procedures by which the exemption is determined. And so our position is that they were required to use those administrative procedures. You understand there's a difference between having your contract rights determined in the circuit court, you know, as your first form of relief, as opposed to having judicial review of an agency determination. That the process is different. The rights are different. That's a big change as a result of adoption of the code and the administrative process. Doesn't the Northwestern case teach us that you can't impair their contract rights, take away from their bundle of sticks, and have them come out with less on the other side than they had before the code? In the Northwestern litigation, the court was viewing sort of what property was exempt, whether the language of the contract exempted all of their property or it depended on the use of the property. And certainly the court interpreted the provision of their contract to say that all of their property was exempt. The Northwestern cases are of limited utility here because their situation is different. They were at all times operating as a university and sort of keeping up their half of the market. But that's going to the merits. I want you to focus first on the process, okay? So why wouldn't the process be? Why wouldn't Northwestern tell us about the process? This is a contract right. It cannot be diminished or altered or affected by some later legislation. The court in Northwestern didn't consider the process. And we would argue, Your Honor, that the process is not part of the contractual rights. The exemption is part of the contractual rights. Contract law says that any contract holder has rights, right? You don't have to. Not all rights come from the code. Not all rights come from the department. So if somebody has a contract, that is a protectable interest under the Constitution. But again, we're simply going to the procedure by which they would be seeking to assert their contract, right? And everyone who has a contract dispute can go to the courthouse and have that determined. But now you've taken that away from them. You understand that you couldn't take away somebody's right to a jury trial, right? You couldn't make them arbitrate. They have certain rights to have relief determined in front of a court. And you're suggesting that you're treating it as less than a contract right when you tell me that, no, that we can change that. Well, it's the General Assembly in the tax code has required exhaustion of administrative remedies before. That presumes it's an administrative remedy, right? That presumes that this is something that their right is subject to, to begin with. Yes, but again, the scope of what property is exempted, their contractual right would just be determined with respect to the procedures outlined. But you understand it's the legislature that the Contracts Clause is protecting us from. We have a Contracts Clause so the legislature can't impair contract rights. There has been, but even under our analysis there has been no impairment of contract rights. You're telling them their remedies are completely different. You're telling them instead of a contract that exists and somebody must take an action to show that it has been proofed or that it no longer exists. Instead of that, you are now the party with the burden of proof to show that it still exists. But you can't go to court for it. You have to come into our house. I would just add, Your Honor, that their contract is silent as to remedies and procedures. So what's the default for a contract? Before there was a tax code, there was a contract. What would be the default way in which a contract right would be either attacked or venerated? If you go to court. Yes, but the tax code now provides that the exclusive remedy is through the administrative review law. You're not getting that that is an impairment of what they had before. And it is an impairment of a contract right. And I know that's the way you do things, but it's under a system where the exemptions themselves are a creature of that process. That's not what this is. This is not a creature of that process. It predated it. I cut you off a little bit. I want to give you another minute or two. I see that my time is up. So our position remains that the appropriate remedy here would have been to apply for the tax, to apply under Section 1670 to the Board of Review for a determination of the exemption, which would then have gone to the department. And since Lincoln didn't follow that procedure, we think the circuit court decision should be affirmed. All right. Thank you. Mr. Cate. It is the court. Picking up on where I see the court is going on this particular topic, Your Honors, it really fundamentally comes down to whether or not the property tax code at all can even apply to Lincoln College. So if Your Honors are going in the direction that their charter takes them completely outside and doesn't apply, that will be precedential, will be the first decision, at least that we could find, that they are outside the code. Because, again, going back to 1670, I'm sure you're all tired of hearing that particular statutory phrase, but it does state, The Board of Review shall hear and determine the application of any person. That's the problem. Is it an application when it already exists? But that's what it's saying is if you believe any person who was assessed on property claimed to be exempt. So that's the problem. They're going to claim it's exempt because of their charter. I totally understand that. They're also going to say that Logan County screwed up. We might have, or our client might have. Not us. But if they did, the statutory scheme, unfortunately, does apply to them at that point because it really comes down to, does that word apply? Any. We believe it does, Your Honor. Any is all of us within this state. Here, they would absolutely jump up and down and say, wait a minute. We've got a charter. We're exempt. Logan County, you have screwed this up. Royally. The problem is the legislature did have a statutory mechanism that says all of us. And that's the part I just... But you understand that mechanism postdates this charter.  Right, and it also postdates the Northwestern case from the 1870s. So I don't think some of the reliance that counsel has placed on that one really decides it for us either. That early Northwestern case, you didn't have the whole argument about that back then because you couldn't hear... But they established the principle that it is a contract right. And the legislature is not supposed to impair contract rights. Right, but again, it comes down to whether the tax code at all can apply to them. What about the right to adjourn on a contract dispute? You can't give it to them. I'm trying to think of a way around that. I don't have a good one on that one, but I'd simply say, Your Honor, it would say that there is a spot, and it's a Smallwood case. And it does establish the principle that changing a remedy for the enforcement of a contract doesn't impair its obligations. So that was Smallwood versus the Industrial Commission. This isn't a remedy. I think it is a remedy though. It's a remedy in the sense that if the legislature is saying any, I don't think Your Honor or any of us can get around that rude. Because that is all of us. Otherwise you have to write more words into it that are simply not there. And to say, well, it doesn't mean what the legislature said there. And the legislature said any, even if we screwed up, and absolutely that's what they'll raise there. For sure they will. Why wouldn't they? They would jump up and down and say, they shouldn't even have been the assessor in Logan County who was doing things they should never have done. But that's the point. When it says any, I don't think any one of us can get around that. Because unfortunately, we still have to go through that mechanism. And I understand Your Honor's saying that's more of a burden upon them. But in a sense, it's not because it's applying equally to all of us. And I think the legislature does have the ability to pass a code. We're not all equally situated. Because some people who have applied for and received an exemption through the department, under the code that is use-based, stand in a different position than an entity like Lincoln that has a charter issued in 1865 that says, Lincoln, your property is exempt. What are they applying for that they haven't already got? Just to make you guys honor it, that's really what you're asking them to do. I guess, I suppose it would be. But that's the point. When it says any, Your Honor, I think that they do have to go through the process or you would create the precedent now that you don't have to. That's where it comes down. For how many of these charters in the state are we creating this precedent? A dozen? I thought it was 17. I don't recall the number. It is very small. And I think some of them have, over the years, I think a couple of them are going, not operating. So it would not be huge in that sense. It would be huge in the sense that the words not being, having to delete part of that word, or I should say write an asterisk in there. That's the difference. And I think picking up one of the counsel's earlier arguments, I think Lincoln College thought that the property tax code applied to them. I suppose because they were applying and going through the mechanism each year with open counting. It's one thing to say send in a piece of paper every year so that we remember not to tax your property. And pragmatically, I can understand why anybody would do that. But now push has come to shove. And so the question is who has a right to expect that? Who has an obligation to do that? I understand. And maybe that is a fair administrative requirement. That may not be the issue in this case. But the question of, you want to determine that their exemption doesn't any longer exist. That is a big question. It definitely is. The place to raise that, though, was through the process that was created by the property tax code. And we didn't award any. I think we're still stuck with it. And they're still stuck with it. They might have a very good argument of why they still will win and say that Lincoln County screwed up. But we're not there yet. Thank you. If there's any other questions, I would go ahead and let them. I see none. Thank you, counsel. Thank you. All right. We will stand and recess. Oh, sorry. Your Honor. I was just trying to scare you. We're doing kind of a complicated case. And all we can ask for is that the court understand the issues, which it certainly does. And we have nothing further to add. Thank you. All right. We'll stand and recess this time. And issue a decision in due course.